IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:15-CR-226-D |
| VS. | § | |
| | § | |
| ROBERT DEVIN ADAMS (17), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Robert Devin Adams ("Adams"), convicted in this court of conspiracy to distribute a controlled substance and sentenced to 70 months' imprisonment, has filed a September 30, 2016 motion in arrest of judgment, in which he challenges a state conviction for aggravated assault of a public servant that contributed to his advisory guidelines' criminal history points. He has also filed a September 30, 2016 application to proceed *in forma pauperis*. The court construes Adams' post-conviction motion as a motion filed under 28 U.S.C. § 2255 and denies it without prejudice to Adams' first challenging the state-court conviction in state court. The court also denies without prejudice the application to proceed *in forma pauperis*.

Adams' challenge to his state conviction is based on a letter he received from the Dallas County District Attorney's Office informing him that a firearms analyst who tested or analyzed evidence in the applicable state prosecution had been found professionally negligent for misidentifying a firearm in an unrelated criminal case. Because Adams is not challenging his prior state conviction on the basis that it was "obtained in violation of the right to counsel," "[t]he presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and [Adams] may not collaterally attack his prior conviction through a motion under [28 U.S.C.] §

2255." *Daniels v. United States*, 532 U.S. 374, 382 (2001); *see also Johnson v. United States*, 544 U.S. 295, 302-03 (2005) (stating that, through timely-filed § 2255 motion, defendant may be "entitled to federal resentencing [after] the State has vacated one of the judgments supporting his enhanced sentence" (citations omitted)).

Accordingly, the motion in arrest of judgment, construed as a motion under § 2255, and the application for leave to proceed *in forma pauperis* are denied without prejudice.

**SO ORDERED**.

June 2, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE